## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. CR-24-48-GF-BMM** |
| Plaintiff, | |
| vs. | **AMENDED ORDER** |
| KEVIN JAMES TROMBLEY, | |
| Defendant. | |

Defendant Kevin Trombley's (Trombley) Motion to Continue is now before the Court. Trombly's motion states that his counsel was recently retained by the family of the Defendant to represent him in this matter and additional time is needed to prepare for trial. Plaintiff objects to a continuance. (Doc. 50.) Because of these factors a continuance is warranted.

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial date when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, <u>inter alia</u>, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is

unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective reparation. *Id*. §3161(h)(7)(B).  An "ends of justice continuance . . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered."  *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997).  Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]."  *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Trombly is charged with Assault Resulting in Serious Bodily Injury, in violation of  Title 18 U.S.C. §§ 1153(a) and 113(a)(6); Assault with a Dangerous Weapon, in violation of Title 18 U.S.C. §§ 1153(a) and 113(a)(3); Use of a Firearm During a Crime of Violence, in violation of  Title 18 U.S.C. §924(c)(1)(A)(iii) and Criminal Forfeiture, in violation of §924(d).  The crimes allegedly occurred on or about March 23, 2024 at or near Browning, in Glacier County, in the State and District of Montana and within the exterior boundaries of the Blackfeet Indian Reservation.  If convicted, Trombley faces a maximum sentence of life of imprisonment.

A continuance of the trial is appropriate under 18 U.S.C. §§3161(h)(7)(A), (B)(I) and (B)(ii). The ends of justice served by a continuance outweighs the interests of the Defendant and the public in a speedy trial. The failure to grant a continuance would deny Trombly and his counsel the reasonable time necessary for effective trial preparation, resulting in a potential miscarriage of justice. Accordingly,

**IT IS HEREBY ORDERED** that Trombley's Unopposed Motion to Continue Trial (Doc. 50) is **GRANTED. IT IS ALSO ORDERED** that the final pretrial conference and jury trial set for September 16, 2025, are **VACATED**.

The following schedule shall apply. The final pretrial conference is rescheduled for **Tuesday, December 16, 2025 at 8:30 a.m.** The parties are to report to the chambers of the undersigned. The jury trial is rescheduled for **Tuesday, December 16, 2025 at 9:00 a.m.** in the Charles N. Pray Courtroom at the Missouri River Federal Courthouse, Great Falls, Montana. The motions deadline is **November 17, 2025.** The plea agreement/notice of intent to proceed to trial deadline is **December 2, 2025.** Expert reports are due on or before **December 4, 2025.** The Jury Instructions and Trial Briefs are due by **December 9, 2025.**

**All time between the date of this order and December 16, 2025, shall be excluded for purposes of speedy trial**.

DATED this 9th day of September 2025.

_____
Brian Morris, Chief District Judge
United States District Court